## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Steven Bishop,

     Plaintiff/Movant,

Northstar Location Services, LLC,

     Defendant.

---

## COMPLAINT

---

For this Complaint, Plaintiff, Steven Bishop, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"), in its illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.     Plaintiff, Steven Bishop ("Plaintiff"), is an adult individual residing in Rifle, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Northstar Location Services, LLC ("NLS"), is a New York business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

5.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Dodge (the "Creditor").

6.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      The Debt was purchased, assigned or transferred to NLS for collection, or NLS was employed by the Creditor to collect the Debt.

8.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  NLS Engages in Harassment and Abusive Tactics

9.      In or around March 2013, Defendant and Plaintiff entered into a verbal payment arrangement wherein Defendant was to withdraw $350.00 per month from Plaintiff's bank account.  This payment arrangement was oral, and Plaintiff never provided his written authorization for the withdrawals.

10.     Pursuant to the agreement, Defendant was to withdraw payments from Plaintiff's account from March 2013 through August 2013.

11.     Thereafter, Defendant withdrew two (2) unauthorized payments of $350.00 in September 2013 and October 2013.

12.     In November 2013, Defendant began calling Plaintiff regarding additional payments.

13.     Plaintiff requested that Defendant provide a written payment plan, however Defendant refused to do so.

2

14.     On or about November 10, 2013, Defendant called Plaintiff's brother.  Defendant disclosed its identity and requested a call back from Plaintiff.

15.     On or about November 21 and 22, 2013, Defendant called Plaintiff's mother-in-law.  Defendant disclosed its identity and requested a call back from Plaintiff.

16.     The calls to Plaintiff's family members caused him a great deal of stress and anxiety.

**C.  Plaintiff Suffered Actual Damages**

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

18.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT –**
**15 U.S.C. § 1692, *et seq.***

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant contacted third parties for purposes other than to confirm or correct location information and disclosed its identity to those third parties.

21.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

3

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT –
## 15 U.S.C. § 1693 *et seq.*

1.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2.      Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

3.      Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

4.      Defendant debited Plaintiff's bank account on a monthly basis using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

5.      Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed a preauthorized electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

6.      The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the EFTA.

7.      Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.      Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.      Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

6. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

   § 1693m(a)(3); and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 22, 2014

By:   */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*

Plaintiff:
Steven Bishop
9294 Highway 325
Rifle, Colorado 81650